NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2019 IL App (4th) 190605-U

NO. 4-19-0605

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 23, 2019
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* J.T., a Minor, | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | McLean County |
| Petitioner-Appellee, | ) | No. 19JA40 |
| v. | ) | |
| Sarah T., | ) | Honorable |
| | ) | J. Brian Goldrick, |
| Respondent-Appellant). | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Presiding Justice Holder White and Justice Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*: The dispositional order is not against the manifest weight of the evidence, and the chosen disposition is not an abuse of discretion.

¶ 2    Respondent, Sarah T., appeals from a dispositional order, in which the McLean County circuit court made her three-year-old son, J.T., a ward of the court and awarded custody of him to the guardianship administrator of the Illinois Department of Children and Family Services (DCFS). We affirm the judgment because it is not against the manifest weight of the evidence and the chosen disposition is not an abuse of discretion. See *In re Jennifer W.*, 2014 IL App (1st) 140984, ¶ 44.

¶ 3                                I. BACKGROUND

¶ 4    J.T., born November 28, 2015, has an undetermined developmental disability that makes him violent toward himself and others. He is prone to headbutting, biting, and kicking. He

pounds his head on walls and floors. He throws things at others. He has tried to stab a day care worker in the leg with a pencil. Because of such behaviors, he has been disenrolled from several day cares.

¶ 5 Taking care of J.T. would be exacting for a vigorous, able-bodied parent. It is even more so for respondent, who suffers from a variety of infirmities: idiopathic intracranial hypertension, post-traumatic stress disorder, depression, migraines, degenerative disc disease, and type II diabetes.

¶ 6 Because of her physical limitations, respondent felt she had no alternative but to resort to J.T.'s father, Bryan T., for help in taking care of J.T. She decided that she and Bryan T. would be coparents under the same roof, even though the two of them had a history of protective orders and she knew that Bryan T. drank heavily, used narcotics, and failed to take medication for his bipolar disorder.

¶ 7 On April 13, 2019, Bryan T. was arrested for endangering the life of a child. A passerby had seen J.T., clothed in a T-shirt and a soiled diaper, wandering on Vernon Avenue, a four-lane highway in Normal, Illinois.

¶ 8 On June 24, 2019, the State filed a petition alleging that J.T. was a neglected minor in that respondent's "alcohol and/or substance abuse" created an environment injurious to J.T.'s welfare and put him at risk of harm. The next day, in an adjudicatory hearing, both parents admitted that J.T. was a neglected minor as alleged in the neglect petition.

¶ 9 On August 1, 2019, the circuit court held a dispositional hearing. At the conclusion of the hearing, respondent's attorney told the court:

"Your Honor, I would ask the Court to find my client unable today rather than unfit. Based on her service plan objectives, substance abuse, she is not recommended for treatment. She's had clean screens.

It—it appears to me that this situation is based primarily on the minor's needs. My client is not able to appropriately care for him at this time[,] I would suggest[,] not through any fault of her own but because of his special needs."

¶ 10　　　　　After hearing the arguments, the circuit court made J.T. a ward of the court and appointed DCFS as his guardian. The court added: "At this point in time I think findings of unfitness are appropriate for both [parents]. I'm going to set the permanency goal at return home within 12 months."

¶ 11　　　　　This appeal followed.

¶ 12　　　　　　　　　　　　　　　　II. ANALYSIS

¶ 13　　　　　To place the minor with a third party, the circuit court must find the parents to be "unfit," "unable," or "unwilling" to take care of the minor. 705 ILCS 405/2-27(1) (West 2018); *In re M.M.*, 2016 IL 119932, ¶ 31. The circuit court found respondent to be unfit to take care of J.T.

¶ 14　　　　　Respondent argues that "[a]t most she was unable to care for [J.T.], not unfit," and that the circuit court's "decision to find her neglectful and unfit as opposed to unable was against the manifest weight of the evidence."

¶ 15　　　　　But an unable parent is an unfit parent. A synonym of "unfit" is "incapable." Merriam-Webster's Collegiate Dictionary 1286 (10th ed. 2000). See *People ex rel. Daley v. Datacom, Systems Corp.*, 146 Ill. 2d 1, 15 (1991) (consulting a dictionary for the meaning of a word that is not specially defined in the statute). For illustration, assume that a firefighter must be

able to carry a 50-pound hose up six flights of stairs. Anyone who is unable to do so is unfit to be a firefighter. Inability equals unfitness.

¶ 16　　　　　Not every unfit parent is an unable parent. But every unable parent is an unfit parent.

¶ 17　　　　　Even if respondent were correct that the circuit court should have found her to be unable rather than unfit, "[t]he appellate court may affirm on any basis appearing in the record, whether or not the trial court relied on that basis." *In re Nevaeh R.*, 2017 IL App (2d) 170229, ¶ 24. We see in the record that respondent, through her counsel, admitted her inability to take care of J.T. We could affirm the dispositional order on that basis. See *id.*

¶ 18　　　　　　　　　　　　III. CONCLUSION

¶ 19　　　　　For the foregoing reasons, we affirm the circuit court's judgment.

¶ 20　　　　　Affirmed.